## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

```
**********************************************  *  CIVIL ACTION NO.
RESIDENTIAL MORTGAGE LOAN TRUST      *
2013-TT2, BY U.S. BANK NATIONAL          *
ASSOCIATION, NOT IN ITS INDIVIDUAL      *
CAPACITY BUT SOLELY AS LEGAL TITLE     *
TRUSTEE,                                               *
                                                           *
           Plaintiff                                     *
                                                           *
              vs.                                         *
                                                           *
Joane K. Lloyd and Robert G. Wade          *
                                                           *
           Defendants                                 *
                                                           *
Glennis J. Lloyd                                      *
BIW Five County Federal Credit Union      *
DJM, LLC.                                             *
Snow Flake Holdings f/k/a Downeast Energy *
                                                           *
           Parties-in-Interest                       *
**********************************************
```

## COMPLAINT

NOW COMES the Plaintiff, Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank

National Association, not in its Individual Capacity but Solely as Legal Title Trustee, by and

through its attorneys, Doonan Graves and Longoria LLC, and hereby makes this unique

complaint against the Defendants, Joane K. Lloyd and Robert G. Wade, as follows:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1)

         (Diversity) because the Plaintiff and Defendants are citizens of different states and the

         matter in controversy exceeds the sum or value of seventy-five thousand and 00/100

         ($75,000.00) dollars, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1651 any

1

court of the United States may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law; further any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a promissory note executed under seal currently owned and held by Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but Solely as Legal Title Trustee in which the total amount owed under the terms of the promissory note is in excess of Two Hundred Fourteen Thousand Two Hundred Dollars ($214,200.00) dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3.   Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

PARTIES

4.   Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity but Solely as Legal Title Trustee is a corporation organized under the laws of the State of Minnesota, with its principal place of business located at 60 Livingston Avenue, St. Paul, MN 55107.

5.      The Defendant, Joane K. Lloyd, who, upon information and belief, resides at 370
        Meadow Cross Road, Topsham, ME 04086.

6.      The Defendant, Robert G. Wade, who, upon information and belief, resides at 370
        Meadow Cross Road, Topsham, ME 04086.

7.      The Party-in-Interest Glennis J. Lloyd, who upon information and belief, resides at
        2615 Jackson Street, Eugene, OR 97405.

8.      The Party-in-Interest, BIW Five County Credit Union is located at 3 Hamilton Court,
        Route 196 Bypass, Topsham, ME 04086.

9.      The Party-in-Interest, DJM, LLC is located at 4815 S. Frieze Circle, Taylorville, UT
        84115.

10.     The Party-in-Interest, Snow Flake Holdings f/k/a Downeast Energy is located at 34
        Manchester Drive, Windham, ME 04062.

<u>FACTS</u>

11.     On August 27, 1997, by virtue of a Warranty Deed from John C. Skillings and Mary
        E. Skillings, and recorded in the Sagadahoc County Registry of Deeds in Book 1519,
        Page 194, the property situated at 370 Meadow Cross Road, Topsham, ME 04086 was
        conveyed to Joane K. Lloyd and Robert G. Wade.

12.     On September 4, 1998, Joane K. Lloyd and Robert G. Wade executed and delivered,
        under seal, to Ivy Mortgage Corp. a certain promissory note in the amount of Two
        Hundred Fourteen Thousand Two Hundred Dollars ($214,200.00) dollars
        ("Lloyd/Wade" Note).  A true and correct copy of the Lloyd/Wade Note is attached
        hereto as Exhibit A.

13.     To secure the loan obligation, on September 4, 1998, Joane K. Lloyd and Robert G. Wade executed a mortgage deed securing the Lloyd/Wade Property in favor of Ivy Mortgage Corp. which mortgage deed is recorded in the Sagadahoc County Registry of Deeds in Book 1614, Page 309 ("Lloyd/Wade Mortgage").  A true and correct copy of the Lloyd/Wade Mortgage is attached hereto as Exhibit B.

14.     Having failed to make the December 10, 2008, payment and all subsequent payments due under the terms of the Lloyd/Wade Note, the Defendants are presently in default under the terms set forth therein.

15.     The Lloyd/Wade Mortgage was assigned by Ivy Mortgage Corp. to Delta Funding Corporation by virtue of an Assignment of Mortgage dated September 4, 1998, and recorded in the Sagadahoc County Registry of Deeds in **Book 1757, Page 223**.  A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit C.

16.     The Lloyd/Wade Mortgage was then further assigned to Bankers Trust Company of California, NA as Trustee under the Pooling and Servicing Agreement dated as of December 23, 1998, Delta Funding Prime Equity Loan Trust 1998-4 by virtue of an Assignment of Mortgage dated December 23, 1998 and recorded in the Sagadahoc County Registry of Deeds in **Book 1757, Page 225.**  A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit D.

17.     The Lloyd/Wade Mortgage was then further assigned to Wells Fargo Bank Minnesota, N.A., as Trustee for Delta Funding Home Equity Loan Trust 1998-4 by virtue of an Assignment of Mortgage dated September 26, 2002 and recorded in the Sagadahoc County Registry of Deeds in **Book 2071, Page 239.**   A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit E.

18.     The Lloyd/Wade Mortgage was then further assigned to Ellington Mortgage Partners, LP by virtue of a Corporate Assignment of Mortgage/Deed of Trust dated August 20, 2008 and recorded in the Sagadahoc County Registry of Deeds in **Book 3023, Page 60.** A true and correct copy of the Corporate Assignment of Mortgage/Deed of Trust is attached hereto as Exhibit F.

19.     The Lloyd/Wade Mortgage was then further assigned to Deutsche Bank National Trust Company, as Trustee (not in its individual Capacity but solely as Trustee) in Trust for Registered Holders of VCM Series 2009-2 by virtue of an Assignment of Mortgage dated February 25, 2010 and recorded in the Sagadahoc County Registry of Deeds in **Book 3176, page 181.** A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit G.

20.     The Lloyd/Wade Mortgage was then further assigned to Residential Mortgage Loan Trust 2013-TT2 by U.S. bank National Association, not in its individual Capacity, but solely as Legal Title Trustee by virtue of an Assignment of Mortgage dated December 15, 2013 and recorded in the Sagadahoc County Registry of Deeds in **Book 3573, Page 236.** A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit H.

21.     On June 5, 2015, the Defendants were sent a Notice of Mortgagor's Right to Cure which was returned "unclaimed" on or about July 2, 2015. A true and correct copy of the Notice of Mortgagor's Right to Cure is attached hereto as Exhibit I.

22.  The Notice of Mortgagor's Right to Cure informed the Defendants of the payment due date; the total amount necessary to cure the default and the deadline by which the default must be cured not more than thirty-five (35) days from the receipt Notice.  *See* Exhibit I.

23.  The Defendants failed to cure the default prior to the expiration of the Notice of Mortgagor's Right to Cure.

24.  Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee is the present holder of the Lloyd/Wade Note pursuant to possession of the Lloyd/Wade Note in conformity with 11 M.R.S. § 3-1201, *et seq*., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

25.  Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee is the lawful holder and owner of the Lloyd/Wade Note and Mortgage.

26.  The total debt owed under the Note and Mortgage as of October 30, 2015 is Four Hundred Two Thousand Six Hundred Ninety Four Dollars and Eighteen Cents ($402,694.18), which includes unpaid principal in the amount of One Hundred Thirty Eight Thousand Six Hundred Eighty Seven Dollars and Sixty Two Cents ($138,687.62), Other Fees Due in the amount of Twenty Five Thousand Three Hundred Fifteen Dollars and Sixty Two Cents ($23,315.62); escrow advance in the amount of Forty Four Thousand Two Hundred Thirty Dollars and Eighty Six Cents ($44,230.86); and a Suspense Balance in the amount of Four Hundred Twenty One

Dollars and Eighty Nine Cents ($421.89); plus foreclosure fees and costs which continue to accrue daily.

27.     Upon information and belief, the Defendants are presently in possession of the Property originally secured by the Lloyd/Wade Mortgage.

<u>COUNT I – FORECLOSURE</u>

28.     Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29.     This is an action for foreclosure and sale respecting real estate located at 370 Meadow Cross Road, Topsham, in the County of Sagadahoc and State of Maine.

30.     The Plaintiff is the holder of the Note referenced in Paragraph 24 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark,* 147 A. 205, 128 Me. 280 (1929).  As such Plaintiff has the right to foreclose upon the subject property.

31.     Residential Mortgage Loan Trust 2013-TT2 by U.S. Bank National Association, not in its individual Capacity, but solely as Legal Title Trustee is the current owner and investor of the aforesaid mortgage and promissory note.

32.     Joane K. Lloyd and Robert G. Wade are presently in default on said mortgage and promissory note, having failed to make the monthly payment due December 10, 2008, all subsequent payments, and, therefore, have breached the condition of the aforesaid mortgage and promissory note.

33.    As of October 30, 2015, if no payments are made, the amount due the Plaintiff under the terms of the Mortgage and Note is: Four Hundred Two Thousand Six Hundred Ninety Four Dollars and Eighteen Cents ($402,694.18), which includes unpaid principal in the amount of One Hundred Thirty Eight Thousand Six Hundred Eighty Seven Dollars and Sixty Two Cents ($138,687.62), Other Fees Due in the amount of Twenty Five Thousand Three Hundred Fifteen Dollars and Sixty Two Cents ($23,315.62); escrow advance in the amount of Forty Four Thousand Two Hundred Thirty Dollars and Eighty Six Cents ($44,230.86); and a Suspense Balance in the amount of Four Hundred Twenty One Dollars and Eighty Nine Cents ($421.89); plus foreclosure fees and costs which continue to accrue daily.

34.    Glennis J. Lloyd is a Party-in-Interest pursuant to a Mortgage Deed in the amount of $50,000.00 dated September 2, 1998 and recorded in the Sagadahoc County Registry of Deeds in **Book 1672, Page 179** and is in second positon behind Plaintiff's Mortgage.

35.    BIW Five County Credit Union is a Party-in-Interest pursuant to a Writ of Execution in the amount of $923.65 dated March 30, 2001 and recorded in the Sagadahoc County Registry of Deeds in **Book 1846, page 184** and is in third position behind Plaintiff's Mortgage.

36.    DJM, LLC is a Party-in-Interest pursuant to a Noteholder's Lien in the amount of $38,850.00 dated February 13, 2006 and recorded in the Sagadahoc County Registry of Deeds in **Book 2685, Page 33** and is in fourth position behind Plaintiff's Mortgage.

37.  Snow Flake Holdings f/k/a Downeast Energy is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,025.62 dated September 19, 2006 and recorded in the Sagadahoc County Registry of Deeds in **Book 2781, Page 279** and is in fifth position behind Plaintiff's Mortgage.

38.  The record, established through the Sagadahoc County Registry of Deeds, indicates that there are no public utility easements recorded subsequent to the mortgage and prior to the commencement of these proceedings affecting the mortgage premises at issue herein.

39.  By virtue of Joane K. Lloyd and Robert G. Wade's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

40.  Notice in conformity with 14 M.R.S.A. §6111 was sent to Joane K. Lloyd and Robert G. Wade on June 5, 2015 and was returned "unclaimed" on or about August 6, 2015.  A true and correct copy of the Notice and delivery results are attached hereto as Exhibit I.

41.  Joane K. Lloyd and Robert G. Wade are not in the Military as evidenced by the attached Exhibit J.

<u>COUNT II – BREACH OF NOTE</u>

42.  Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee repeats and realleges paragraphs 1 through 41 as if fully set forth herein.

43.    On September 4, 1998, Joane K. Lloyd and Robert G. Wade executed and delivered, under seal, the Lloyd/Wade Note in favor of Ivy Mortgage Corp. a certain Promissory Note note in the amount of Two Hundred Fourteen Thousand Two Hundred Dollars ($214,200.00).  *See* Exhibit A.

44.    Joane K. Lloyd and Robert G. Wade are in default under the terms of the Lloyd/Wade Note for failure to properly tender the December 10, 2008, payment and all subsequent payments.  *See* Exhibit I.

45.    Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee, is the proper holder of the Lloyd/Wade Note, is entitled to enforce the terms and conditions of the Lloyd/Wade Note due to its breach by the Defendants.

46.    The Defendants, having failed to comply with the terms of the Lloyd/Wade Note and Lloyd/Wade Mortgage, is in breach of both the note and mortgage.

47.    Joane K. Lloyd and Robert G. Wade's breach is knowing, willful and continuing.

48.    Joane K. Lloyd and Robert G. Wade's breach has caused Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee to suffer actual damages including, but not limited to, money lent, interest, expectancy damages as well as attorney's fees and costs.

49.    The total debt owed under the Note and Mortgage as of October 30, 2015 is Four Hundred Two Thousand Six Hundred Ninety Four Dollars and Eighteen Cents ($402,694.18), which includes unpaid principal in the amount of One Hundred Thirty Eight Thousand Six Hundred Eighty Seven Dollars and Sixty Two Cents ($138,687.62), Other Fees Due in the amount of Twenty Five Thousand Three

Hundred Fifteen Dollars and Sixty Two Cents ($23,315.62); escrow advance in the amount of Forty Four Thousand Two Hundred Thirty Dollars and Eighty Six Cents ($44,230.86); and a Suspense Balance in the amount of Four Hundred Twenty One Dollars and Eighty Nine Cents ($421.89); plus foreclosure fees and costs which continue to accrue daily.

50.     Injustice can only be avoided by awarding damages for the total amount owed under the Lloyd/Wade Note including interest, plus costs and expenses, including attorney fees.

<u>COUNT III – BREACH OF CONTRACT,<br>MONEY HAD AND RECEIVED</u>

51.     Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee repeats and realleges paragraphs 1 through 50 as if fully set forth herein.

52.     By executing, under seal, and delivering the Lloyd/Wade Note, Joane K. Lloyd and Robert G. Wade entered into a written contract with Ivy Mortgage Corp. agreed to loan the amount of Two Hundred Fourteen Thousand Two Hundred Dollars ($214,200.00) to Joane K. Lloyd and Robert G. Wade. *See* Exhibit A.

53.     As part of this contract and transaction, Joane K. Lloyd and Robert G. Wade executed the Lloyd/Wade Mortgage to secure the Lloyd/Wade Note and the subject property.

54.     Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee is the proper holder of the Lloyd/Wade Note and successor in interest to Ivy Mortgage Corp and has performed its obligations under the Lloyd/Wade Note and Mortgage.

55. Joane K. Lloyd and Robert G. Wade's breached the terms of the Lloyd/Wade Note and Mortgage by failing to properly tender the December 10, 2008 payment and all subsequent payments.  *See* Exhibit I.

56. Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee, and proper holder of the Lloyd/Wade Note, is entitled to enforce the terms and conditions of the Lloyd/Wade Note due to its breach by the Defendants.

57. Joane K. Lloyd and Robert G. Wade, having failed to comply with the terms of the Lloyd/Wade Note and Lloyd/Wade Mortgage, is in breach of contract.

58. Joane K. Lloyd and Robert G. Wade's are indebted to Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee in the sum of Four Hundred Two Thousand Six Hundred Ninety Four Dollars and Eighteen Cents ($402,694.18) for money lent by Plaintiff to Joane K. Lloyd and Robert G. Wade.

59. Joane K. Lloyd and Robert G. Wade's breach is knowing, willful and continuing.

60. Joane K. Lloyd and Robert G. Wade's breach has caused Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee to suffer actual damages including, but not limited to, money lent, interest, expectancy damages as well as attorney's fees and costs.

61. The total debt owed under the breach of contract and for money received by Joane K. Lloyd and Robert G. Wade October 30, 2015, is Four Hundred Two Thousand Six Hundred Ninety Four Dollars and Eighteen Cents ($402,694.18), which includes unpaid principal in the amount of One Hundred Thirty Eight Thousand Six Hundred

Eighty Seven Dollars and Sixty Two Cents ($138,687.62), Other Fees Due in the amount of Twenty Five Thousand Three Hundred Fifteen Dollars and Sixty Two Cents ($23,315.62); escrow advance in the amount of Forty Four Thousand Two Hundred Thirty Dollars and Eighty Six Cents ($44,230.86); and a Suspense Balance in the amount of Four Hundred Twenty One Dollars and Eighty Nine Cents ($421.89); plus foreclosure fees and costs which continue to accrue daily.

62.   Injustice can only be avoided by awarding damages for the total amount owed under the Lloyd/Wade contract and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

63.   Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee repeats and realleges paragraphs 1 through 62 as if fully set forth herein.

64.   Ivy Mortgage Corp. predecessor-in-interest to Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee, loaned Joane K. Lloyd and Robert G. Wade Two Hundred Fourteen Thousand Two Hundred ($214,200.00) dollars on September 4, 1998.  *See* Exhibit A.

65.   Joane K. Lloyd and Robert G. Wade are in default under the terms of the Lloyd/Wade loan for failure to properly tender the December 10, 2008 payment and all subsequent payments.  *See* Exhibit I.

66. As a result of the Defendants' failure to perform under the terms of the Lloyd/Wade loan, the Defendants have been unjustly enriched at the expense of Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee

67. As such, Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

68. Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee repeats and realleges paragraphs 1 through 67 as if fully set forth herein.

69. Ivy Mortgage Corp. predecessor-in-interest to Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee, lent Joane K. Lloyd and Robert G. Wade Two Hundred Fourteen Thousand Two Hundred Dollars ($214,200.00) in exchange for a secured interest in the Lloyd/Wade Property. *See* Exhibit A.

70. Joane K. Lloyd and Robert G. Wade have failed to repay the loan obligation pursuant to the terms of the Lloyd/Wade Note and Lloyd/Wade Mortgage.

71. As a result, Joane K. Lloyd and Robert G. Wade's have been unjustly enriched to the detriment of Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee as successor-in-interest to Ivy Mortgage Corp. by having received the aforesaid benefits and money and not repaying said benefits and money.

14

72.     As such, Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National
Association, not in its Individual Capacity, but solely as Legal title Trustee is entitled
to relief.

### COUNT VI – WRIT OF ASSISTANCE

73.     Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not
in its Individual Capacity, but solely as Legal title Trustee repeats and realleges
paragraphs 1 through 72 as if fully set forth herein.

74.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, Residential Mortgage Loan Trust
2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but
solely as Legal title Trustee seeks the issuance of a Writ of Assistance, to enforce the
foregoing money judgment, and authorizing the United States Marshal Service or
other law enforcement agent, including a constable specially appointed by this Court,
to take any and all necessary steps to execute the foregoing judgment including a sale
of the Property originally pledged as collateral for the Lloyd/Wade Note.

75.     Federal law empowers this Court to issue a writ in furtherance of its Order granting
judgment in favor of Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank
National Association, not in its Individual Capacity, but solely as Legal title Trustee:

> The Supreme Court and all courts by Act of
> Congress may issue all writs necessary or
> appropriate in aid of their respective jurisdictions
> and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a); s*ee United States v. New York Telephone Co.*, 434 U.S. 159,

172-73 (1977); *United States v. Friedman*, 143 F.3d 18, 22 (1st Cir. 1998) (authority

for district court to issue an order needed to enforce a prior order is found in the All

Writs Act); *Maldonado v. AMS Servicing LLC*, 11-cv-40044-TSH (D.Mass. Dec. 14,

2012) (granting application for Writ of Assistance in favor of foreclosing owner's servicing agent); *see also Foregger v. Residential Credit Solutions, Inc.*, 2013 WL 3208596 (D.Mass. June 21, 2013); *Sheehy v. Consumer Solutions 3, LLC*, 2013 WL 5295689 (D.Mass. Sept. 17, 2013).

76. The Supreme Court has held:

> This Court has repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained: "This statute has served since its inclusion, in substance, in the original Judiciary Act as a 'legislatively approved source of procedural instruments designed to achieve "the rational ends of law." ' " *Harris v. Nelson,* 394 U.S. 286, 299, 89 S.Ct. 1082, 1090, 22 L.Ed.2d 281 (1969), quoting *Price v. Johnston,* 334 U.S. 266, 282, 68 S.Ct. 1049, 1058, 92 L.Ed. 1356 (1948).

*New York Times*, 434 U.S. at 172.

77. Accordingly, Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee requests that this Court order the Defendants and those residing under them to vacate the Property and remove all personal belongings and direct the Clerk of Court to issue a Writ of Possession in favor of Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee, prays this Honorable Court:

a)      Issue a judgment of foreclosure in conformity with Maine Title 14 § 6322;

b).     Grant possession to the Plaintiff upon the expiration of the period of redemption;

c).     Find that the Defendants are in breach of the Lloyd/Wade Note by failing to make payment due as of December 8, 2008, and all subsequent payments;

d).     Find that the Defendants are in breach of the Lloyd/Wade Mortgage by failing to make payment due as of December 8, 2008 and all other subsequent payments;

e).     Find that Joane K. Lloyd and Robert G. Wade entered into a contract for a sum certain in exchange for a security interest in the Lloyd/Wade property;

f).     Find that Joane K. Lloyd and Robert G. Wade are in breach of contract by failing to comply with the terms and conditions of the Lloyd/Wade Note and Mortgage by failing to make the payment due as of December 10, 2008 and all subsequent payments;

g).     Find that Plaintiff is entitled to enforce the terms and conditions of the Lloyd/Wade Note and Mortgage;

h).     Find that by virtue of the Lloyd/Wade Mortgage Loan, the Defendants have been unjustly enriched at Plaintiff's expense;

i).     Find that such unjust enrichment entitles Plaintiff to restitution;

j).     Find that the Defendants are liable to the Plaintiff for money had and received;

k).     Find that the Defendants are liable to the Plaintiff for quantum meruit;

l).    Find that the Defendants have appreciated and retained the benefit of the Lloyd/Wade Mortgage Loan;

m).    Find that it would be inequitable for the Defendants to continue to appreciate and retain the benefit of the Lloyd/Wade Mortgage Loan without recompensing the appropriate value;

n).    Find that Plaintiff is entitled to restitution for this benefit from the Defendants;

o).    Determine the amount due on said mortgage and promissory note, including principal, interest, reasonable attorney's fees and court costs;

p).    Additionally, issue a money judgment against the Defendant and in favor of Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee in the amount of Four Hundred Two Thousand Six Hundred Ninety Four Dollars and Eighteen Cents ($402,694.18), the total debt owed under the Lloyd/Wade Note plus interest and costs including attorney's fees and costs;

q).    Find that Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its Individual Capacity, but solely as Legal title Trustee is entitled to a Writ of Assistance and Writ of Possession allowing the U.S. Marshal or Constable appointed by this Court to sell the Property originally pledged as collateral for the Lloyd/Wade Note and to remove the Defendants and those residing under them and their personal property from the Property located at 6 Birch Glade; and

r).        For such other and further relief as the Court deems just and equitable.

Respectfully Submitted,
Residential Mortgage Loan Trust 2013-TT2, by
U.S. Bank National Association, not in its
Individual Capacity, but solely as Legal title
Trustee,
By its attorneys,

Dated: November 17, 2015

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Jenai J. Cormier, Esq. (BBO # 4682)
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 225D
Beverly, MA 01915
Tel. (978) 921-2670