UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RESIDENTIAL MORTGAGE LOAN TRUST 2013-TT2, BY U.S. BANK NATIONAL ASSOCIATION,<br><br>        PLAINTIFF<br><br>v.<br><br>JOANE K. LLOYD, ET AL.,<br><br>        DEFENDANTS<br><br>GLENNIS J. LLOYD,<br>BIW FIVE COUNTY CREDIT UNION,<br>DJM, LLC,<br>SNOWFLAKE HOLDINGS F/K/A DOWNEAST ENERGY,<br><br>        PARTIES-IN-INTEREST | CIVIL NO. 2:15-CV-466-DBH |

**ORDER ON DEFENDANT JOANE K. LLOYD'S MOTION TO STAY**

      In this residential foreclosure case where diversity of citizenship furnishes federal jurisdiction, I ruled previously that I must exercise that jurisdiction. I therefore denied the defendant mortgagor's motion to dismiss that invoked <u>Burford</u> abstention. Decision & Order on Def. Joane K. Llloyd's Mot. to Dismiss on Abstention Grounds and Request for Judicial Notice at 14 (ECF No. 57); <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315 (1943). Now the same defendant mortgagor has filed a motion to stay this federal lawsuit, stating:

> The court should issue an order staying proceedings in this case, with instructions to the Plaintiff [mortgagee] to file an action in the Maine state court system in which Defendant

> Lloyd may request and receive the foreclosure mediation process provided for by Maine law. Such order of this court may be conditioned upon Defendant's Lloyd's agreement or stipulation that she will stipulate to the dismissal, without prejudice and without costs, of the state court proceeding that Plaintiff will be required to commence. Upon the completion of that mediation process and the issuance of a final mediation report, Plaintiff can file that report with this court, and the requested stay can be lifted.

Def. Joane K. Lloyd's Mot. to Stay at 2 (ECF No. 60).

I find it unnecessary to parse the classic Supreme Court cases like <u>Erie</u>, <u>Guaranty Trust</u>, <u>Hanna v. Plumer</u>, and, most recently, <u>Shady Grove</u>, where the Supreme Court has directed that state substantive law principles generally apply in diversity cases in federal courts but that when the Federal Rules of Civil Procedure answer the question in dispute, they control against differing state rules (unless those federal rules are beyond the scope of the Rules Enabling Act or otherwise unconstitutional). See <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64 (1938); <u>Guaranty Trust Co. of N.Y. v. York</u>, 326 U.S. 99 (1945); <u>Hanna v. Plumer</u>, 380 U.S. 460 (1965); <u>Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.</u>, 559 U.S. 393 (2010); <u>see also</u> <u>Godin v. Schenks</u>, 629 F.3d 79, 85-87 (1st Cir. 2010). The very wording of the relief requested by the defendant mortgagor reveals that this motion attempts an end run around the <u>Burford</u> abstention denial and attempts to avoid how Federal Rule of Civil Procedure 16 governs pretrial proceedings, case management, and settlement in federal court.[1] The conflict here with the Federal Rules of Civil Procedure governing pretrial proceedings in federal court cannot seriously be questioned when the defendant

---

[1] <u>See also</u> Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81.").

2

wants me to order the plaintiff to *file a state lawsuit*.  (There is no assurance that Maine's judiciary would even countenance this attempt to engage its state mediation program in federal court proceedings or that the Superior Court would follow an order of this court and allow dismissal of the plaintiff's case without prejudice.)

As I stated in my earlier ruling, much as I respect the expertise of the Maine judiciary in carrying out Maine's Foreclosure Diversion Program, Maine has designed its requirements as part of *judicial* foreclosure.[2]  I will steadfastly apply the *substantive* law that the Maine Law Court and the Maine Legislature have mandated.  Here, however, the plaintiff mortgagee exercised its statutory and constitutional right to proceed in a federal forum based on diversity of citizenship, and the Federal Rules of Civil Procedure govern the procedures for conducting a lawsuit in this federal court.

The defendant Joane K. Lloyd's motion to stay is **DENIED**.

**SO ORDERED.**

**DATED THIS 11ᵀᴴ DAY OF JULY, 2016**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] It is therefore unlike Daigle v. Me. Med. Ctr., Inc., 14 F.3d 684 (1st Cir. 1994), where the Maine Legislature designed a mandatory pre-screening mechanism for medical malpractice claims *before* any lawsuit could be filed, and the First Circuit held that a federal plaintiff must go through that process before filing a federal lawsuit, id. at 689.